UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80396-ROSENBERG

ACCELERANT SPECIALITY
INSURANCE COMPANY, et al.,

    Plaintiffs,

v.

CH BARCO I LLC, et al.,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTIONS TO DISMISS**

**THIS CAUSE** is before the Court on the Defendants' Motions to Dismiss at docket entries 4 and 11. The Motions have been fully briefed. For the reasons set forth below, the Motions are denied in part insofar as the Court declines to dismiss the Plaintiffs' case, but the Motions are granted in part insofar as the Court stays this case pending the resolution of a related case in Florida state court.

This case concerns a marine insurance policy. DE 4 at 2. A vessel subject to the insurance policy was damaged. *Id.* The Defendants made a claim under the policy, and the Plaintiffs denied coverage. *Id.* The Defendants soon thereafter filed suit in Florida state court (where they were the plaintiffs). *Id.* at 3. Subsequent to the initiation of the Florida suit (in which they were named as defendants), the Plaintiffs filed the instant suit in federal court. *Id.*

The Plaintiffs in the instant suit seek declaratory relief. The Plaintiffs seek a declaration that, *inter alia*, they owe no coverage to the Defendants under the insurance policy at issue. The two suits therefore concern the same policy, the same vessel, and the same claim for insurance coverage.

The Defendants move for the instant suit to be dismissed, citing to *Great Lakes Dredge & Dock Co. v. Ebanks*, 870 F. Supp. 1112 (S.D. Ga. 1994). In *Ebanks*, the district court succinctly summarized factors that can be considered when a party files a motion for declaratory judgment in federal court when the same case is pending in state court. *Id.* at 1118. The factors are as follows:

1) whether there is a pending state court proceeding in which the matters in controversy between the parties may be fully litigated;

2) whether the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping;

3) whether there are possible inequities in permitting the plaintiff to gain precedence in time and forum; or

4) whether there is inconvenience to the parties or the witnesses.

*Id.* (citing *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir. 1989)). The *Ebanks* court found that the above factors were a useful guide to apply the standard set forth by the Supreme Court of the United States in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942), in which the Supreme Court stated:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in the state court presenting the same issue, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

In consideration of the above-referenced factors, the Court notes that the instant case resembles that of *Great Lakes Reinsurance (UK) PLC v. Pomarico*, 294 F. App'x 501 (11th Cir. 2008). In *Pomarico*, the defendants filed a motion to dismiss the plaintiff's complaint for declaratory action due to a pending state court proceeding. *See Great Lakes Reinsurance (UK) PLC v. Pomarico*, No. 07-cv-21512-CMA (S.D. Fla. Sept. 28, 2007). The same parties existed in and the very same controversy on the issue of insurance coverage were present in both *Pomarico* and the state proceeding. *Id.* The district court stayed the federal proceeding until the state court action had been fully adjudicated. *Id.* On appeal, the Eleventh Circuit affirmed the district court's

ruling, acknowledging the familiarity of the Florida courts with maritime disputes. *Pomarico*, 294 F. App'x at 501.

Here, the state court action involves the same case and the same parties,[1] just as in *Pomarico*. The Plaintiffs raise two primary arguments why this case should not be stayed like the *Pomarico* action. First, the Plaintiffs argue that they will prevail in state court and that the state suit will be dismissed. The Court finds this to be an unpersuasive basis for the instant, duplicative case to proceed, not only because the argument rests upon an uncertain outcome, but also because if the Plaintiffs are correct in their assertion then a stay in federal court would be of short duration; should the state court case be dismissed as the Plaintiffs posit, the Plaintiffs could move for the stay in the instant case to be lifted.

Second, the Plaintiffs argue that they have "requested affirmative relief, and not merely a declaration," and, thus, the reasoning in *Pomarico*, *Brillhart*, and *Ebanks* does not apply to their Complaint. The Court finds this argument to be unpersuasive because the Plaintiffs have not brought any count for non-declaratory relief. Each count in the Plaintiff's Complaint seeks the Court to declare certain matters of coverage; indeed, the first sentence in the Plaintiffs' Complaint is: "This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201." The Complaint contains no independent count for recission or breach of contract under state law; each count seeks declaratory relief.

Furthermore, the Plaintiffs' single citation in furtherance of their argument does not lend support to the proposition that cases such as *Brillhart* do not apply. The Plaintiffs cite to *Mega Life & Health Insurance Company v. Tordion*, 399 F. Supp. 2d 1366, 1369 (S.D. Fla. 2005), because in that case, the court made a reference to the fact that federal courts "do[] not have such broad discretion . . . when a plaintiff seeks coercive relief, such as recission, in addition to a

---

[1] The parties in the two cases are slightly different. DE 13 at 4.

declaration under the Declaratory Judgment Act." However, in *Mega Life*, unlike here, the plaintiffs brought independent counts for recission and breach of contract—counts that were not premised upon the Declaratory Judgment Act, but rather upon section 627.409 of the Florida Statutes.[2] Here, the Plaintiffs request that the Court *declare* an entitlement to recission, yet they have not brought a claim *for* recission under any state's law.

The instant suit and the state court case are of sufficient similarity that this case should be stayed, like *Pomarico*. As the district court observed in yet another similar case, *Great Lakes Reinsurance PLC v. Leon*, 480 F. Supp. 2d 1306, 1308 (S.D. Fla. 2007), the *Brillhart* standard allows for district courts to exercise a "generous" amount of discretion. The parties may fully argue their various positions to the state court. If the Plaintiffs are ultimately successful in their pursuit of a state court dismissal, the Plaintiffs may move to lift the stay in the instant action.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Defendants' Motions to Dismiss [DE 4, 11] are **DENIED** as to the Defendants' request for dismissal, but the Motions are **GRANTED** insofar as this action shall be **STAYED AND ADMINISTRATIVELY CLOSED** pending the full adjudication of related state court proceedings. The parties are to submit periodic reports every ninety days to this Court detailing the status of state court proceedings.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 19th day of April, 2023.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

---

[2] Section 627.409 allows for certain remedies when a defendant makes a false representation or warranty.